```
        IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
        v.                  )   Criminal No. 08-368
                            )
ROBERT HURST                )
```

### UNITED STATES SENTENCING MEMORANDUM[1]

#### I. INTRODUCTION

The defendant, Robert Hurst, was charged by indictment with Conspiracy to Possess with Intent to Distribute and Distribute 50 grams or more of cocaine base from on or about May 7, 2008, to on or about October 9, 2008; Distribution and Possession with Intent to Distribute 50 grams or more of cocaine base on May 7, 2008; Distribution and Possession with Intent to Distribute 50 grams or more of cocaine base on July 3, 2008; and Possession of Firearm by a Felon on October 9, 2008. (See Doc. No. 19). On March 4, 2001, defendant Hurst appeared before this Honorable Court and entered a plea of guilty to Count 1 of the indictment.(See Doc. No. 130). The United States submits this sentencing memorandum to assist the

---

[1] The government notes that the parties' Joint Status Report is due today. Mr. Difenderfer, however, is unavailable. Undersigned counsel spoke with his associate (Michelle Arena). Ms. Arena indicated that their office inadvertently calendered the Joint Status Report due date for July 22, 2011. Consequently, Mr. Difenderfer filed a motion for extension of time to file the Joint Status Report, his sentencing memorandum, and any motions for variance/departure. The government has no objection to Mr. Difenderfer's motion to extend the time.

Court in imposing a fair, reasonable, and just sentence.

## II. TITLE 18, UNITED STATES CODE, SECTION 3553(a)

This Court must impose a sentence that is reasonable in light of the factors listed in 18 U.S.C. § 3553(a) (the "Section 3553(a) factors"). Section 3553(a) directs this Court to impose a sentence that is sufficient to account for each of the relevant Section 3553(a) factors but that is no longer than necessary. Under the facts of this case, a sentence consistent with the applicable mandatory minimum and within the guideline imprisonment range, followed by a period of supervised release, should be imposed to sufficiently account for each of the Section 3553(a) factors. The government respectfully reserves the opportunity to address the factors at the defendant's July 29, 2011 sentencing hearing. The government instead addresses the defendant's status as a career offender.

## III. DEFENDANT HURST IS A "CAREER OFFENDER"

Defendant Hurst filed a position with respect to sentencing factors noting six (6) objections to the presentence report (See Doc. No. 148). Most of the defendant's objections center around his status as a "career offender". Specifically, defendant Hurst challenges his conviction from Cuyahoga County for Trafficking in Drugs (case number CR434129)as not qualifying as a predicate offense for "career offender" status pursuant to Section 4B1.2 of the United States Sentencing Guidelines (USSG).

Defendant Hurst also challenges his convictions for two (2) separate resisting arrest charges. Specifically, defendant Hurst argues that resisting arrest is not a "crime of violence".

The government has consulted with the probation office (USPO Christopher Thompson) regarding defendant Hurst's objections. USPO Thompson consulted with a USPO in Ohio and is in agreement with defendant Hurst that the Cuyahuga County conviction (case number CR434129)(See paragraph 39 of the PSIR) would not count as a predicate offense for career offender status. Specifically, this conviction is designated as a felony of the fifth degree in that jurisdiction, which means that offense is punishable by a term of imprisonment of up to 12 months. As Section 4B1.1 indicates that the offense must be punishable by a term of imprisonment "exceeding" one year, the government agrees that the instant offense would not serve as a basis for a "career offender" enhancement.

As noted above, defendant Hurst has two (2) separate convictions for resisting arrest. After consultation with USPO Thompson, the government concurs that one of those convictions would not serve as a predicate offense under Section 4B1.1 of the USSG. The government's rationale, however, differs from that of defendant Hurst. On January 1, 2007, defendant Hurst entered a guilty plea to Resisting Arrest in the Court of Common Pleas of Allegheny County at CC200610552. (See paragraph 43 of the PSIR).

Defendant Hurst was sentenced on that same day to a term of one (1) year probation. Section 4A1.2(c)(1) of the USSG reads as follows:

> (c) Sentences Counted and Excluded
>
> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> (1) Sentences for [Resisting arrest] ...are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:...

Since defendant Hurst received a sentence of one (1) year probation, the instant conviction would not serve as a basis for a "career offender" enhancement. The government disagrees, however, with defendant Hurst's position that the instant offense is not a "crime of violence".

Defendant Hurst, however, has another conviction for Resisting Arrest that would count for purposes of Section 4B1.1. Specifically, defendant Hurst entered a guilty on September 15, 2006 and was sentenced to two (2) years probation (See paragraph 42 of the PSIR). As the sentence of probation exceeds one (1) year, this conviction would qualify under 4A1.2(c)(1), which is detailed above. Moreover, the government disagrees with defendant Hurst's argument that resisting arrest is not a "crime of violence".

In United States v. Stinson, 592 F.3d 460 (3rd Cir. 2010), the Court of Appeals for the Third Circuit held that Pennsylvania Resisting Arrest convictions are categorically crimes of violence.

Defendant Hurst has a conviction for two (2) separate deliveries of crack cocaine from the Court of Common Pleas of Westmoreland County at Case No. 924C05 (See paragraph 40 of the PSIR). Specifically, defendant Hurst entered a plea of guilty on July 26, 2006 and was sentenced to a twenty-three (23) month term of imprisonment. Consequently, this particular conviction would be a predicate offense for "career offender" status.

As defendant Hurst would have one prior felony crime of violence and one prior felony drug conviction, he would still be subject to a "career offender" guideline range.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

s/ Amy L. Johnston
AMY L. JOHNSTON
Assistant U.S. Attorney
U.S. Post Office and Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219
(412) 644-3500 (Phone)
(412) 644-5870 (Fax)
amy.johnston2@usdoj.gov
PA ID No. 201137