IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 08-386 |
| | ) |
| ROBERT HURST | ) |

### JOINT STATUS REPORT OF THE PARTIES

AND NOW, comes the United States of America, by and through David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Troy Rivetti, Assistant United States Attorney for said district, and pursuant to this Court's directive (see Scheduling Order dated December 30, 2011) and following consultation and approval by counsel for defendant Hurst (William H. Difenderfer, Esquire), respectfully files the following Joint Status Report:

On July 29, 2011, this Court sentenced defendant Hurst to a term of imprisonment of 262 months. See Doc. No. 162. That sentence was based, in part, on this Court's determination that the amended crack cocaine penalties set forth in the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"), did not apply to defendant Hurst. Defendant Hurst filed an appeal from his sentence. See Doc. No. 163.

On August 9, 2011, the United States Court of Appeals for the Third Circuit held that the FSA applies to all defendants

sentenced on or after the statute's effective date (August 3, 2010).  United States v. Dixon, 648 F.3d 195, 203 (2011).[1]

Due to the Third Circuit's ruling in Dixon, defendant Hurst's appeal was summarily remanded for re-sentencing.  See Doc. No. 169.

As set forth in the Government's Amended Position Regarding Sentencing Factors and Application of the Fair Sentencing Act of 2010 (Doc. No. 157), it is the parties' position that the revised penalties of the FSA apply to Hurst's sentencing.

In particular, defendant Hurst was charged with and pleaded guilty to Conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine.  His plea agreement contains a stipulation between the parties that the type and quantity of controlled substances attributable to him, including all relevant conduct, is 118.61 grams of cocaine base, in the form commonly known as crack, a Schedule II controlled substance; 6.4 grams of cocaine, a Schedule II controlled substance; and 55.8 grams of heroin, a Schedule I controlled substance.

---

[1] On November 3, 2011, the United States Supreme Court granted cert in Hill v. United States (Docket no. 11-5721) to determine whether the FSA "applies in an initial sentencing proceeding that takes place on or after the statute's effective date if the offense occurred before that date."

Under the Fair Sentencing Act, the revised statutory penalty applicable to Hurst's offense of conviction is a term of incarceration of not less than 5 years and not more than 40 years.

Hurst is a career offender. <u>See</u> Tentative Findings and Rulings (Doc. No. 155), pp. 2-4. With a revised statutory maximum of 40 years, Hurst's Base Offense Level, pursuant to U.S.S.G. §4B1.1(b)(B), is 34. With a 3-level adjustment for acceptance of responsibility, Hurst's Total Offense Level is 31; his Criminal History Category remains VI; and his resulting advisory guideline range for imprisonment is 188 to 235 months.

At the re-sentencing hearing of Hurst, it is the parties' position that any sentence imposed by the Court must begin with a determination by the Court that the advisory guideline range for imprisonment is 188 to 235 months.

> Respectfully submitted,
>
> DAVID J. HICKTON
> United States Attorney
>
> <u>s/Troy Rivetti</u>
> Troy Rivetti
> Assistant U.S. Attorney
> U.S. Post Office & Courthouse
> Suite 4000
> Pittsburgh, PA  15219
> (412)644-3500 (Phone)
> (412)644-2645 (Fax)
> Troy.Rivetti@usdoj.gov
> PA ID No. 56816