IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 08-00386 |
| | ) | |
| ROBERT HURST, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 21st day of December, 2020, upon consideration of the motion for reduction of sentence and release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed by defendant Robert Hurst ("Hurst") on July 31, 2020 (Doc. No. 195), the Government's response thereto (Doc. No. 200), filed on September 8, 2020, as well as Hurst's reply (Doc. No. 202), filed on September 25, 2020,

IT IS HEREBY ORDERED that, for the reasons set forth below, Hurst's motion is GRANTED.  Hurst's term of imprisonment is hereby reduced to TIME SERVED.  All other conditions of the sentence imposed on February 3, 2012, (Doc. No. 175), shall remain in full force and effect.  The United States Bureau of Prisons ("BOP") and United States Probation Office are instructed to work to facilitate Hurst's release from custody as soon as possible.

On March 4, 2011, Hurst was convicted of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846. On July 29, 2011, Hurst was sentenced to a term of imprisonment of 262 months and a term of supervised release of 5 years.  Hurst's sentence was subsequently reduced to a term of imprisonment of 188

1

months and a term of supervised release of 4 years.  Pending before the Court is Hurst's motion for compassionate release, requesting that his sentence be reduced to time served.  Hurst asserts that his hyperlipidemia, coupled with the alarming outbreak of COVID-19 at FCI-Loretto, constitutes an extraordinary and compelling reason warranting his release. For the reasons set forth below, the Court will grant the motion and reduce Hurst's term of imprisonment to time served.

A district court's authority to modify a sentence in a criminal case that has become final is very limited. See Dillon v. United States, 560 U.S. 817, 819 (2010); United States v. Ponton, 407 Fed. App'x 622, 624 (3d Cir. 2011).  District courts do have authority, however, to reduce a final sentence under 18 U.S.C. § 3582(c).  Section 3582(c)(1)(A), as amended by the First Step Act, Pub. L. 115-391, 132 Stat. 5194, permits an incarcerated person to petition the court for compassionate release.  The statute provides in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> **(i)** extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Hurst submitted a request for compassionate release to the warden of FCI-Loretto on July 14, 2020, which was denied on July 27, 2020. Because the warden received Hurst's request more than 30 days ago, the Court can consider the pending motion. See

United States v. Harris, 812 Fed. App'x 106, 107 (3d Cir. 2020); United States v. Gray, No. 2:13-cr-11, 2020 WL 5350444, at *3 (W.D. Pa., Sept. 4, 2020).

Having determined that Hurst has met the procedural requirements, the Court must next decide whether he has established an extraordinary and compelling reason warranting a reduction in his sentence. Hurst asserts, and his medical records confirm, that he suffers from hyperlipidemia. Hurst asserts that his hyperlipidemia places him at increased risk of severe illness or death should he contract COVID-19. He argues that his unique vulnerability, coupled with his exposure to the COVID-19 virus at FCI-Loretto, constitutes the type of extraordinary and compelling reasons that would warrant compassionate release.[1] For the reasons set forth below, the Court agrees.

The Third Circuit Court of Appeals has recently held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d

---

[1] Section 3582 itself does not define the term "extraordinary and compelling reasons." Rather, Congress left it to the United States Sentencing Commission to define the term. See 28 U.S.C. § 994(t) (stating that the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). The Sentencing Commission has defined "extraordinary and compelling" pursuant to the Application Notes to USSG § 1B1.13, but has not updated this policy statement since the enactment of the First Step Act. "[A] majority of district courts have concluded that the 'old policy statement provides helpful guidance, [but]...does not constrain [a court's] independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3852(c)(1)(A).'" United States v. Rodriguez, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020) (quoting United States v. Beck, 425 F.Supp.3d 573, 582 (M.D.N.C. 2019)). This Court, though, need not address the issue of whether it is still restricted to defining extraordinary and compelling reasons consistent with the existing language in Section 1B1.13. Even assuming the Court is so restricted, the Application Notes to Section 1B.13 provide that sufficient extraordinary and compelling reasons exist where "the defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG 1B1.13, App. Note 1(A)(ii)(I). The Court's findings herein are based on and consistent with this reason.

594, 597 (3d Cir. 2020).  See also United States v. Roeder, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020).  Moreover:

> Over the past few months, district courts in both the pretrial and civil detention contexts likewise have opined that a generalized fear of the virus reaching a given institution is not a proper basis for release. See Ndir v. Doll, No. 1:20-CV-705, –– F. Supp. 3d ––––, 2020 WL 2306761, at *5 (M.D. Pa. May 8, 2020) (Conner, C.J.) (collecting cases in civil immigration detainee context); D.M. v. Barr, No. 20-4031, 2020 WL 1969893, at *5 (D.N.J. Apr. 24, 2020) (same); United States v. Anderson, No. 1:19-CR-239, 2020 WL 1953612, at *4, 5 (M.D. Pa. Apr. 23, 2020) (same in pretrial detention context). In other words, something more than a generalized concern regarding COVID-19 is required.

United States v. Stallings, No. 1:12-CR-37, 2020 WL 3619071, at *3 (M.D. Pa. July 2, 2020).  See also United States v. Davidson, No. 2:16-CR-00139-2, 2020 WL 4877255, at *19 (W.D. Pa. Aug. 20, 2020); United States v. Andrews, No. CR 05-280-02, 2020 WL 4812626, at *13 (E.D. Pa. Aug. 19, 2020).  This Court agrees with the consensus position that the COVID-19 pandemic itself does not constitute an extraordinary and compelling reason that would independently justify release pursuant to Section 3582(c)(1)(A).

However, while the mere existence of the COVID-19 virus may not warrant compassionate release, courts have, in determining whether to grant relief under Section 3582(c)(1)(A),  considered whether the defendant's medical condition, as exacerbated by the ongoing COVID-19 pandemic, rises to an "extraordinary and compelling" level, such that release could be warranted.  See United States v. Iezzi, No. 2:17-CR-00157, 2020 WL 4726582, at *8 (W.D. Pa. Aug. 14, 2020); Andrews, 2020 WL 4812626, at *13; United States v. Brinson, CR 15-87, 2020 WL 4736258, at **3-4 (W.D. Pa. Aug. 14, 2020).  The Court finds here that Hurst's medical condition does rise to such a level.

Hurst's medical records reflect a history of hyperlipidemia, for which he is required to take daily medication. Hyperlipidemia has proven to be one of the most common comorbidities in COVID-19 related fatalities. Recent data from the New York State Department of Health shows that of 27,785 recorded COVID-19 related fatalities, 5,784, or 20.8%, had hyperlipidemia. See New York State Dept. of Health, NYSDOH COVID-19 Tracker, https://covid19tracker.health.ny.gov/ (last visited Dec. 14, 2020); see United States v. Jones, 13-cr-577-2, 2020 WL 3892960, at *3 (E.D. Pa., July 9, 2020) (citing hyperlipidemia as a common comorbidity in COVID-19 related fatalities); United States v. Somerville, 463 F. Supp. 3d 585, 597 (W.D. Pa. 2020).  Hurst's health concerns are not theoretical; he is very much at risk should he come into contact with the virus.  Moreover, his ability to provide self-care, such as social distancing and self-isolation, is very limited in the prison environment.  Jones, 2020 WL 3892960, at *5 ("explaining that "[p]risons are ill-equipped to prevent the spread of COVID-19").

The danger to Hurst's health is particularly serious when considered in the context of the current alarming outbreak of the COVID-19 virus at FCI-Loretto. There are now 609 active cases being reported involving inmates at FCI-Loretto and 29 active cases involving staff.  See www.bop.gov/coronavirus (last visited Dec. 14, 2020).  The mere fact that there have been cases at the facility alone may not warrant compassionate release, see United States v. Thornton, No. CR 2:18-167-1, 2020 WL 4368155, at *4 (W.D. Pa. July 29, 2020) ("[T]he existence of the virus in a prison . . . is not sufficient to establish extraordinary and compelling circumstances without some proof that the defendant is at more severe risk for infection than his fellow inmates") (quoting United States v. Rutley, No. 17-CR-56-PP, 2020 WL 4040729, at *7 (E.D. Wis. July 17, 2020)), but the fact that there are currently a significant number of active cases at FCI-

5

Loretto, when coupled with Hurst's serious health condition, is enough to convince the Court that extraordinary and compelling reasons exist justifying relief pursuant to Section 3582(c)(1)(A).  See United States v. Butler, No. 10-612, 2020 WL 5369754, at *3 (E.D. Pa. Sept. 8, 2020).

There remains an additional step before the Court can grant Hurst the relief he seeks. "[B]efore granting compassionate release, a district court must 'consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'"  United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting Section 3582(c)(1)(A)).  "In considering the section 3553(a) factors, [the Court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." United States v. Bess, No. 16-cr-156, 2020 WL 1940809, at *10 (W.D.N.Y. Apr. 22, 2020).  The decision "whether to reduce an eligible defendant's term of incarceration for compassionate release after considering the § 3553(a) factors is committed to the discretion of the [district court]."  United States v. Jones, Crim. No. 1:12-38, 2020 WL 3871084, at *4 (W.D. Pa. July 8, 2020).

In considering the § 3553(a) factors, the Court notes that, though Hurst committed a serious drug-related offense, the underlying offense did not involve violence of any kind. In addition, Hurst has already served a lengthy sentence, having completed 146 months of his 188-month sentence. The Third Circuit has indicated that the length of the defendant's original sentence, and the amount of time served and remaining on that sentence, are relevant in considering the Section 3553(a) factors.  See Pawlowski, 967 F.3d at 331. The amount of time that Hurst has already served reflects the seriousness of the offense, provides just punishment, and promotes respect for the law. With respect to the history and characteristics of the defendant,

the Court notes that Hurst has made a significant effort to better himself during his time in prison, completing a 9-month drug rehabilitation program, obtaining his GED, and participating in a number of educational programs.  Though Hurst has a remote history of relatively minor criminal activity, the Court notes that there is no evidence that Hurst has had any disciplinary incidents during his lengthy incarceration. Unwarranted sentencing disparities are not at issue here because Hurst has already served a lengthy sentence. There Court finds, therefore, that the § 3553(a) factors weigh in favor of reduction in sentence and release.

Accordingly, the Court finds that compassionate release is warranted pursuant to Section 3582(c)(1)(A).  Hurst's motion is therefore granted.

s/Alan N. Bloch
United States District Judge

ecf:     Counsel of record